IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KRISTINE L. SCHUH,**<br>　　　　　**Plaintiff,**<br>　　v.<br>**ADVANTAGE PLUS, INC.,**<br>　　　　　**Defendant.** | 1:13-cv-3214-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Notice of Removal [1].

**I.　BACKGROUND**

On August 6, 2013, Plaintiff Kristine L. Schuh ("Plaintiff") initiated this action in the Superior Court of Cobb County, Georgia.  In her Complaint [1-1], Plaintiff alleges that her former employer, Defendant Advantage Plus, Inc. ("Defendant"), discriminated against her because of Plaintiff's disabilities, including diabetes and "mental health related issues."  (Compl. [1-1] ¶ 6.)  Plaintiff asserts three state law causes of action against Defendant: disability discrimination in violation of O.C.G.A. § 45-19-29 (Count I); wrongful termination (Count II); and liability for punitive damages (Count III).

On September 27, 2013, Defendant removed the action to this Court.  In its

Notice of Removal [1], Defendant asserts that the Court has federal question jurisdiction over this matter because this is a "civil action arising out of the laws of the United States, namely, Title VII." (Not. Removal [1] ¶ 5.)[1]

## II.   DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Defendant asserts that the Court has federal question jurisdiction. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331 (2006). Whether a claim "arises under" federal law "is governed by the 'well-pleaded

---

[1] Defendant does not assert that the Court has diversity jurisdiction over this matter, and neither the Complaint nor the Notice of Removal shows that the parties are citizens of different states or that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

complaint rule,' which provides that § 1331 jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).  The plaintiff is "the master of the claim," and he may avoid federal jurisdiction by relying exclusively on state law, even where a federal claim is also available.  Id. (quoting Caterpillar, 482 U.S. at 392).  Even when a plaintiff has pleaded only state-law causes of action, however, he may not avoid federal jurisdiction if either "(1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims."  Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)).

     Plaintiffs' Complaint here asserts only state law causes of action, and contrary to Defendant's assertion, does not assert a claim under Title VII.  The Complaint mentions Title VII in only one paragraph: "Plaintiff filed this action under Title VII within ninety (90) days after receipt of her 'Notice of Right to Sue' letter from the EEO[C]."  (See Compl. [1-1] ¶ 16.)  It is clear to the Court that this single mention of Title VII is no more than a scrivener's error because the paragraph is contained within Count I, which otherwise cites, and asserts a claim under, only O.C.G.A. § 45-19-29, a Georgia statute prohibiting employment

discrimination based on disability.  Title VII, by contrast, does not even prohibit disability discrimination.  See, e.g., Lewis v. Zilog, Inc., 908 F. Supp. 931, 953 n.11 (N.D. Ga. 1995) ("Title VII does not proscribe disability discrimination, nor does it give protected status to disabled persons.")[2]

Plaintiff's Complaint does not assert a federal cause of action, and Defendant does not argue either that Plaintiff's claims present "substantial questions of federal law" or that "federal law completely preempts" the claims.  See Dunlap, 381 F.3d at 1290 (citing Franchise Tax Bd., 463 U.S. at 13).  The Court thus lacks subject matter jurisdiction over this matter, and the action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[2] Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Plaintiff alleges only disability discrimination, not discrimination based on her "race, color, religion, sex, or national origin."  See id.  Although other federal statutes prohibit, in certain circumstances, disability discrimination in employment, see, e.g., 42 U.S.C. § 12101 et seq., Plaintiff does not assert claims under these statutes, and Defendant has not asserted that these statutes are at issue in this action.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Superior Court of Cobb County, Georgia.

**SO ORDERED** this 7th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE